# CHARLESTON.

MARY BRAHAM LOTT *et al* v. KATE BRAHAM *et al.*

Submitted October 31, 1922.   Decided November 14, 1922.

1. DEEDS—*Habendum Clause Will Define Estate Granted When Such is Not Mentioned in Granting Clause.*

     If, by the granting clause of a deed, land be conveyed to a named person, without mention of the estate intended to be vested in him, the habendum clause therein, if any, will define the estate granted. (p. 320).

2. SAME—*In absence of Granting or Habendum Clause Defining Estate Granted Grantee Takes Fee Simple by Legal Implication.*

     If there be no habendum in such a deed, the law determines the estate it passes, and, under sec. 8, ch. 71 of the Code, the

grantee takes an estate in fee simple absolute, by legal implication.    (p. 320).

3.    SAME—*Habendum Clause Limiting Estate Granted Governs in Absence of Definition of Estate in Granting Clause.*

A deed by which land is granted to a person by name, without definition of his estate, in the granting clause, and which contains an habendum clause limiting the estate to him for his natural life and to other persons in remainder in fee, vests a life estate in him and the remainder in fee simple absolute in such other persons.    (p. 321).

Error to Circuit Court, Wood County.

Action by Mary Braham Lott and others against Kate Braham and others.    Judgment for plaintiffs, and defendants bring error.

*Affirmed.*

*William Beard,* for plaintiff below, defendant in error.

*Robert B. McDougal* and *C. N. Matheney,* for defendant below, plaintiffs in error.

POFFENBARGER, PRESIDENT:

The writ of error in this case goes to a judgment for the plaintiff in an action of ejectment instituted for recovery of the possessison of a small farm containing 52.95 acres, composed of two tracts, one containing 46 acres and the other 6.95 acres.    The property in question is the ancestral home of the plaintiff, and, strange as it may seem, the defendants are her mother, two brothers and a sister.    The question of title turns upon the construction of a certain deed.

The formal parties to that deed, which bears date August 13, 1892, were Solomon Braham and his wife, grandparents of the plaintiff, parties of the first part, and Benjamin Braham, her father, party of the second part.    For and in consideration of services rendered to the grantors by the grantee and estimated to be worth $1,680.00, a covenant on the part of the latter to support the former, during their natural lives, and payment to one Amanda Allen, of the sum of $25.00, within nine months after the death of the parties

of the first part, the land was conveyed to Benjamin Braham, with covenants of general warranty. In the granting clause of the deed, there is no definition of the character or duration of the estate intended to be vested in the grantee. The land with all the personal property of the grantors, was conveyed in general terms. If nothing else appeared in the deed, it would have passed to the grantee an estate in fee simple in the land. Code, ch. 71, sec. 8. There is an habendum clause in the deed, however, the terms of which may sufficiently indicate different intent on the part of the grantors. It reads as follows: "To have and to hold said Lot, Tract or parcel of Land and premises, together with all and singular the appurtenances thereto belonging unto the said Benjamin Braham his Lifetime & to Edward Allen Son of Major Allen & Mary Braham daughter of Benjamin Braham her heirs and assigns forever." The plaintiff is the Mary Braham mentioned in this clause. She claims not only one-half of the land, by virtue thereof, but also the other half, by purchase mediately from Edward Allen. In October, 1914, Allen and his wife conveyed their alleged interest to James Burch, who, by deed dated March 23, 1920, conveyed it to the plaintiff, Mary Braham Lott.

The defense is predicated upon the theory of a conveyance in fee simple to Benjamin Braham and descent thereof to the plaintiff and her brothers and sister, subject to the dower right of their mother. On the trial, the three deeds just mentioned were introduced by the plaintiff and the relationship of the parties shown by oral evidence. By an instruction given to the jury, the trial court interpreted the deed from Solomon Braham and his wife to Benjamin Braham, as having vested in Benjamin an estate for his life and in Edward Allen and Mary Braham, the remainder in fee. By another instruction, the jury were told that the deeds from Edward Allen and wife to James Burch and from Burch to the plaintiff were valid and effective to pass the interest of Edward Allen and wife in the land, to the plaintiff. Exceptions were taken by the defendants to the giving of these two instructions and another limiting the possible verdicts to

two, one in favor of the plaintiff, giving her an estate in fee simple, and the other for the defendants. In conformity with the court's construction of the deeds, the jury returned a verdict for the plaintiff and judgment was entered thereon, after the overruling of a motion to set it aside.

It is hardly necessary to observe that the construction of the Braham deed calls for consideration of only two things, the granting clause or premises and the habendum. As has been stated, the premises grant the land to Benjamin Braham, but do not mention or define the estate he is to have in it. When a grant is made in that way, it is the office of the habendum, if there be one, to determine what estate or interest is granted. *Freudenberger Oil Co.* v. *Simmons,* 75 W. Va. 337, 341; 2 Minors Institute, 629; 2 Lomax's Dig. 215. If the premises fail to give the name of the grantee, this may be supplied by the habendum, because there is a grant in indefinite terms, which may be defined and made certain by the habendum. *Freudenberger Oil Co.* v. *Simmons,* cited. In that case, it is said that the habendum can add nothing that is outside of, or beyond, the terms used in the premises, and also that it cannot take away anything specifically conferred by the granting clause. If a deed grant land to a certain person, without any indication of the estate he is to take, and there is no habendum defining the estate, the law determines what it is, and, under our statute, to which reference has been made, it would be a fee simple. At the common law, such a deed would pass an estate for the life of the grantee. If, on the other hand, a deed not only grants the land or other property, but defines the estate therein by the premises or granting clause, any contradictory matter or terms found in the habendum, which would cut down or destroy that estate, in whole or in part, must be rejected. This distinction was stated by Abbott, Chief Justice in *Goodtitle* v. *Gibbs,* 5 B. & C. 709, 108 Eng. Reprint, 264, as follows: "If no estate be mentioned in the premises, the grantee will take nothing under that part of the deed, except by implication and presumption of law, but if an habendum follow, the intention of the parties as to the estate to be conveyed will be

found in the habendum, and, consequently, no implication or presumption of law can be made, and if the intention so expressed be contrary to the rules of law, the intention cannot take effect and the deed will be void. On the other hand, if an estate and interest be mentioned in the premises, the intention of the parties is shown, and the deed may be effectual without any habendum and if an habendum follow which is repugnant to the premises, or contrary to the rules of law, and incapable of a construction consistent with either, the habendum shall be rejected, and the deed stand good upon the premises.''

In so far as the question of the validity and effectiveness of the habendum in this deed depends upon its consistency with the terms and legal effect of the premises, it must be sustained; for there is no necessary conflict or repugnance between them, in the legal sense of the terms. Definition in the habendum of what is not defined at all in the premises clearly involves no contradiction or repugnancy. That is exactly what we have here. By the premises, the land is clearly described and a grant thereof is made in general terms, but it does not specify the estate granted. To supply this omission in the granting clause, is the peculiar office of the habendum, when an habendum is used. If none had been used, the law would have defined the estate; but the law does not forbid its definition by the parties themselves, by the use of an habendum.

Inasmuch as the premises grant the land, to Benjamin Braham, there would have been inconsistency between the premises and the habendum, if, in the latter, an immediate estate had been given to Edward Allen and Mary Braham, instead of an estate in remainder; for, to give an immediate estate in one part of the deed to one person and in another part to three persons, clearly involves a direct contradiction and inconsistency. That is what is meant by the authorities which say a new grantee cannot be introduced by the habendum. *Cox* v. *Douglass*, 20 W. Va. 175; 2 Lomax's Dig., 215. But there is no necessary conflict, if the habendum recognizes a life estate in the grantee mentioned in the premises and an

estate in remainder in other persons mentioned in the habendum. In that case, the grantee takes an exclusive estate in himself, and the persons mentioned in the habendum, an exclusive right in themselves. Though the life estate vested in the formal party does not comprise the entire interest in the property, it is nevertheless a complete estate, and the same is true of the estate in remainder. Together, the two estates comprise the entire interest in the land; and the theory of the decisions is that the habendum vests the estate in remainder, by way of limitation of the grant made in the premises. *Dixon* v. *Haar,* 158 N. C. 341; *Condor* v. *Secrest,* 149 N. C. 201; *Blair* v. *Osborne,* 84 N. C. 417. "A deed whereby certain land is granted to one without defining the estate, but in the habendum clause the estate is limited to her during her natural life, with remainder to her husband, naming him, and in case of his death before the death of his wife, then to his heirs at law, creates a life estate in the wife, with remainder in the husband in fee simple absolute." *Riggin* v. *Love,* 72 Ill. 552. In its terms and provisions, the deed construed in the last mentioned case was almost exactly like the one involved here. In each, there was a grant in general terms, of certain property to a named person, and the habendum limited the estate of that person to one for life and gave the estate in remainder to other persons.

The conclusion arrived at in the construction of the deed involved in *Riggin* v. *Love,* enforces a principle of very wide application in the interpretation of such instruments. The intention disclosed by the terms or manifest purposes of a deed will be carried into effect, if it is possible to do so. Even though the intent cannot be effectuated in the mode or manner adopted by the parties for effectuation thereof, if it can be effectuated by the adoption of some other legal method of execution, the instrument will be allowed to operate and consummate the purposes of the parties, by the adoption of such other method. "If a deed cannot operate in the manner intended by the parties, the judges will endeavor to construe it in such a way that it shall operate in some other manner. * * * * * * * * Upon this principle,

it has been determined, that a deed which was intended to operate as a lease and release, but could not take effect in that manner, was good as a covenant to stand seized. Where a deed may enure in different ways, the person to whom it is made shall have his election to his advantage." *Jackson* v. *Blodgett,* 16 John. (N. Y.) 172. Application of this doctrine is found in a great many cases, both ancient and modern. *Langston* v. *Langston,* 2 Cl. & F. 192; *Lord Say and Seal's Case,* 10 Modern 40; *Write* v. *Kemp,* 3 T. R. 470; *Parkhurst* v. *Smith Willes,* 327; 3 Atk. 135; *Colmore* v. *Tyndall,* 2 Y. & J. 605; *Goodtitle* v. *Bailey,* 2 Cowp. 597; *Doe* v. *Davis,* 2 M. & W. 597; *Rigden* v. *Vallier,* 2 Ves. Sen. 256; *Barrett* v. *French,* 3 Conn. 354; *Bryan* v. *Bradley,* 16 Conn. 474; *Wallace* v. *Wallace,* 4 Mass. 135; *Barnes* v. *Hayberger,* 8 John N. C. 76; *Hancock* v. *Butler,* 21 Tex. 804. The face of this deed discloses intention to grant something to Benjamin Braham and also to Edward Allen and Mary Braham. The intention thus expressed can be fully effectuated by so construing the deed as to vest a life estate in Benjamin Braham, and the remainder in fee in Edward Allen and Mary Braham. The habendum expresses clear, definite and unambiguous intent that the deed shall so operate, and, as has been shown, even the technical rules of construction, applicable to deeds, do not preclude effectuation of the intention so expressed.

Upon these principals and conclusions, the judgment complained of will be affirmed.

*Affirmed.*