# CHARLESTON.

Margaret N. Laing *v.* C. L. McClung, Jr. *et al.*

## (No. 5800)

Submitted March 8, 1927.   Decided March 15, 1927.

1.  Deeds—*Deed Should be Construed so as to Make it Effective if Possible.*

    It is a well-recognized canon of construction that, in construing a deed, it should be given a construction to make it operative and effective, if the terms are susceptible of such a construction.   (p. 343).

    (Deeds, 18 C. J. § 205.)

2.  Same—*Deed Will Not be Held Nullity as to Any Part Thereto, if Reasonably Avoidable.*

    It will not be so interpreted as to render it a nullity as to any of the parties thereto, if by any reasonable interpretation such result can be avoided.   (p. 343).

    (Deeds, 18 C. J. § 200.)

3.  Same—*Deed of Certain Area From Larger Tract Running Straight From One Creek to Other, Adjoining Former Grant and Separated Therefrom by Straight Line, Held to Convey Strip Uniform in Width Across Larger Tract Contiguous to Former Grant.*

    A deed purporting to convey a certain number of acres, described as "running straight from one creek to the other creek," to be taken out of a larger tract so as to adjoin a former grant of the western end of said larger tract separated therefrom by a straight line, in the absence of proof to the contrary, will be construed as conveying a strip of land uniform in width across said larger tract and contiguous to said former grant, and the dividing line between said larger tract and the strip so conveyed will be construed to be a straight line running parallel to the dividing line located in said former grant.   (p. 341).

    (Deeds, 18 C. J. § 269.)

4.   Same—*Purported Deed, Signed, Sealed, and Delivered, by Which, for Valuable Consideration One Person Conveys Land Described Therein, is "Bargain and Safe" Deed, Passing Legal Title (Code, c. 71, § 14).*

A writing purporting to be a deed, signed, sealed and delivered, by which, for a valuable consideration, one person sells land to another, described therein, is a deed of bargain and sale, passing legal title under the statute of uses. Code, Ch. 71, § 14. (p. 344).

(Deeds, 18 C. J. §§ 28, 29.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Greenbrier County.

Action by Margaret N. Laing against C. L. McClung, Jr., and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Jarrett & Driscoll,* for plaintiffs in error.

*Carl C. Sanders, S. M. Austin,* and *C. M. Ward,* for defendants in error.

Woods, Judge:

This is an action of unlawful entry and detainer instituted in the circuit court of Greenbrier county. Defendants went to trial on plea of not guilty, and at conclusion of the trial demurred to plaintiff's evidence, in which demurrer the plaintiff joined. The court found the law to be for the plaintiff and entered judgment on a conditional verdict in accordance therewith, to the effect that the plaintiff do recover the premises described in the summons and verdict, and that a writ of possession do issue. Defendant claims error.

Plaintiff's claim rests upon the validity and the sufficiency of the descriptive terms of a certain deed, bearing date November 2, 1897, from C. L. McClung to eight of his children (including Piney McClung), in which he conveyed "an additional fifty acres" to Piney McClung. On October 25, 1897, eight days prior to the deed in question, C. L. McClung conveyed a triangular tract of fifty acres to Piney McClung to be laid off on the eastern end of the home tract of 325 acres,

the fifty acres to commence at three birches, the beginning corner of the Skudder patent of 4,000 acres, running down each line of the 325-acre tract, deeded to C. L. McClung by Margaret Hannah, the same distance, then a straight line across from line to line so as to contain fifty acres. This straight line, closing and forming the base of an isosceles triangle, was laid down and platted by the surveyors for the purpose of locating the beginning of the tract in question, and as located was not objected to by the defendants. Having made the first conveyance, C. L. McClung, eight days later, for a valuable consideration, conveyed certain properties, one clause thereof reading: "Piney McClung is to have 50 acres more of the home place adjoining the 50 acres already deeded to her, running straight from one creek to the other."

Defendant seeks to reverse the judgment of the circuit court for the reasons that (1) the deed of November 2, 1897, is void for want of description; and (2), if valid, its descriptive language does not include the land described in plaintiff's summons. There is no controversy as to the quantity of land alleged to be conveyed—its location gives rise to the only controversy.

There is no question as to the description of the land described in the first deed. Its description is by reference incorporated in the second deed. Is the second fifty acres susceptible of location from the descriptive terms of the deed? In its location, it is necessary to bring to its aid the description of the home place tract and a description of the first fifty-acre tract, because the deed directed that the second tract was to be out of the home place and was to adjoin the fifty acre tract already deeded to Piney McClung. The first fifty acres occupies the easternmost portion of the home place; hence if the tract in dispute adjoined the fifty acres of Piney McClung, it must lie to the west of it. By the second deed Piney McClung is therefore to have 50 acres of land west of and adjoining her first tract, "running straight from one creek to the other creek." Thus, the western boundary must be a straight line. The tract must be in the home place tract and not outside. On either side of the home tract and near its boundaries we find the north and south forks of Meadow creek. The two branches

LAING v. McClung [Mar. 1927

of the creek mentioned, are at the particular point surveyors located the western line, just outside of the boundaries of the "home place" tract. But the deed confines the fifty acres to the "home place". We have then a straight line for both the eastern and Western sides of said tract. The rule is stated in 18 C. J. 293, that a deed for a particular quantity of land on the side of a tract will include such quantity in the form of a parallelogram. *Wilsey* v. *Loveland,* 167 N. Y. S. 546; *Jenkins* v. *Ellis,* 111 Ark. 220; *Ault* v. *Clark,* 62 Ind. A. 55; *State* v. *King,* 20 N. C. 661. From an application of this rule of law, it necessarily follows that the line through the home place tract, cutting off the second fifty acres, must be parallel with the line of the first fifty acres. The words "running straight from one creek to the other creek", it may reasonably be inferred, were used for the purpose of and intent of making the fifty acres of land adjoining the first fifty acres equal in width throughout from creek to creek, insofar as the "home place" tract of land was concerned, out of which the land in question must be taken. This is the construction adopted by the surveyors who surveyed the land in controversy for the plaintiff. It was not an arbitrary action on their part as the defendants contend, but a permissible deduction to be made in the light of all the facts and circumstances in the case, and the law applicable thereto. Their action is augmented by the well recognized canon of construction, that in construing a deed it must be so interpreted as to make it operative and effective in all of its terms, if the terms used are susceptible of such interpretation; in other words, the instrument should be construed as to give validity to all its parts—*ut res valeat magis quam pereat.* *McConaughey* v. *Holt, Spec. Com'r.,* 102 W. Va. 290; *Paxton* v. *Benedum-Trees Oil Co.,* 80 W. Va. 187; *Goff* v. *Goff,* 78 W. Va. 423; *McDonald* v. *Jarvis,* 64 W. Va. 62; *Higgins* v. *Round Bottom Coal Co.,* 63 W. Va. 218. A deed will not be so construed as to render it a nullity as to any of the parties thereto, if by any reasonable construction such result can be avoided. *Beverlin* v. *Casto,* 62 W. Va. 158.

But it is contended by defendants that the instrument does not contain the necessary words of grant to pass title. In order for an instrument to pass title to lands, it is not necessary that it contains words of grant. If it contains such words that operate under the statute of uses by deeds of bargain and sale or by deeds of lease and release, or covenant to stand seized to use, or by deed operating by way of covenant to stand seized to use, it is sufficient. Code, Ch. 71, §14; *Waldron* v. *Coal Company,* 61 W. Va. 281; *Marling* v. *Marling,* 9 W. Va. 81; *Ocheltree* v. *McClung,* 7 W. Va. 232; *Rowlett* v. *Daniel,* 4 Munf. 473. In this case, the instrument calls itself a deed. It is signed, sealed and acknowledged by the grantor. It is based upon a valuable consideration and does not contemplate any further conveyance of the title. It is the final writing transferring the title to the grantee. It is evidently written in the unlettered language of the grantor by himself, but it does say that for a valuable consideration he has sold unto the second party this land. Under the authorities cited the deed operates to pass the title.

While the defendants offered two surveyors who testified to the effect that any number of straight lines might be run for its western boundary, and that the location of the land as made by the plaintiffs, and as shown by their trial map, required the exercise of arbitrary action not warranted by all the facts and circumstances of the case, we cannot say that there is a decided preponderance of the evidence in favor of the demurrants, on the issue of fact involved in the trial of the case, which gives right to a finding in their favor, on such issue, as a matter of law. The circuit court therefore was justified in overruling the demurrer to the evidence and entering judgment on a conditional verdict for the plaintiff. *McNeer* v. *Railroad Company,* 76 W. Va. 803.

The judgment of the circuit court is therefore

*Affirmed.*