REALTY SECURITIES & DISCOUNT COMPANY *v.* NATIONAL RUBBER & LEATHER COMPANY *et al.*

(No. 8946)

Submitted January 16, 1940. Decided January 30, 1940.

*Lillian S. Robertson,* for appellants.

*James A. McWhorter, Robert Merricks, Mohler, Peters & Snyder* and *H. W. Bowers,* for appellees National Rubber & Leather Co., Emma Bowers and H. W. Bowers.

Fox, JUDGE:

On the 15th of June, 1937, the National Rubber and Leather Company conveyed to the Realty Securities and Discount Company. a tract of 4.59 acres of land, situated in the village of Spring Hill, in Kanawha County, and described as the same land conveyed to the grantor by H. W. Bowers and Emma C. Bowers, his wife, by deed dated the 23rd day of May, 1925. Subsequent to this conveyance, the Discount Company ascertained that there was ques-

tion as to the title of the Rubber and Leather Company to a 3/7 undivided interest in said land, and instituted its suit in the circuit court of Kanawha County, asking for a construction of certain deeds in the chain of title to said land, and, in the event it be held not to have title to the whole of said land, for an abatement of the purchase money, and a partition of the land as between itself and others who were understood to be claimants thereto. In this suit numerous parties were made defendants, including the heirs at law of Samuel Weaver and Violetia Weaver. These heirs at law filed their joint and several answer in the nature of a cross-bill, setting up a claim to an undivided one-half interest in the said tract. Other pleadings were filed, not necessary to detail. The defendants, H. W. Bowers and Emma C. Bowers, demurred to the bill on several grounds, the first asserting that Violetia Weaver being, at the date of her deed, the owner in fee simple of said tract of land, conveyed her entire estate therein to her daughter, Eliza Tyler, which title passed to Emma C. Bowers, and from her to plaintiff's grantor, the Rubber and Leather Company; on which the contention is made that the plaintiff had a fee simple title to the said land, and was not entitled to maintain its suit for any abatement of the purchase money, or for any partition of the land. It seems to have been agreed among counsel for all of the parties that the case should be heard upon the point of demurrer above noted, which involves a construction of two deeds hereinafter mentioned. The circuit court sustained the first point of demurrer and entered a decree dismissing the bill. The effect of this dismissal was to sustain plaintiff's title to said land, and deny to the heirs at law of Samuel Weaver and Violetia Weaver any interest therein, from which decree they prosecute this appeal.

The case as presented to us must be determined by the construction of two deeds: the first, a deed from Mary M. Watkins to Samuel Weaver and Violetia Weaver dated the 22nd day of March, 1902, and the second, a deed from Violetia Weaver to Eliza Tyler, dated the 8th day of August, 1913.

The first of the deeds mentioned above conveys a tract of 12 acres of land near Spring Hill. The preamble named Samuel Weaver and Violetia Weaver as parties of the second part, and the conveyance is made to them without indicating the estate conveyed. The habendum clause is as follows: "To have and to hold unto the said parties of the second part, and to the survivor of them, the said property hereby conveyed, forever." Samuel Weaver died about the year 1908, and Violetia Weaver in 1919, and it is contended by the appellees that upon the death of Samuel Weaver, Violetia Weaver, under the deed aforesaid, became the owner of an estate in fee simple in said land. We think this position is well taken. It will be observed that the granting clause of the deed does not describe the estate conveyed. It is universally held that the office of the habendum clause is to define the grantee's estate. 1 Tucker's Commentaries 227; 4 Kent's Commentaries (14th Ed.), 569; 4 Thompson on Real Property 430; *Freudenberger Oil Company* v. *Simmons*, 75 W. Va. 337, 83 S. E. 995, Ann. Cas. 1918 A, 873; *Lott* v. *Braham*, 92 W. Va. 317, 116 S. E. 513. However, where the estate is clearly defined in the granting clause, the use of the habendum is not necessary. Even in Chancellor Kent's day, this was true: "It has degenerated into a mere useless form; and the premises now contain the specification of the estate granted, and the deed becomes effectual without any habendum." Kent's Com., *supra*. The effect of this clause in the deed was to vest in the survivor of the two grantees the fee simple title absolute in said land, so that at the date of the deed executed by Violetia Weaver to Eliza Tyler, she was the owner of the fee simple title thereto.

The more difficult question remaining is that of the effect to be given to the deed from Violetia Weaver to Eliza Tyler. The pertinent provisions of this are as follows:

"That the said party of the first part * * * does grant, bargain, sell and hereby convey to the party of the second part all of her undivided interests in and to that certain tract of land, situate on the South side of Kanawha River near Spring Hill,

in Jefferson District, Kanawha County, West Virginia, and it being her one-half undivided interest in and to that certain tract of land conveyed to Samuel Weaver and Violetia Weaver, his wife, by Mary M. Watkins, by deed dated the 22nd day of March, 1902 * * * .

"To have and to hold unto the said party of the second part, and to the survivor of her, the said property hereby conveyed, forever.

"And the said party of the first part, hereby conveys all the rights, title and interest that is vested in her and warrants generally the title to the said property hereby conveyed.

"It is expressly understood and agreed by the party of the second part that the party of the first part shall have the use and the right to occupy the house which now stands on the property hereby conveyed, and it is not intended to convey any dower right in any property which is held by the party of the first part."

The appellants contend that the clear intention of the grantor was to convey an undivided one-half interest in the tract of land in question. They say that the granting clause of the deed, sometimes called the premises, unmistakably conveys an undivided interest, and that such interest is definitely fixed when it is described as her "one-half undivided interest"; and, further, that the provision in the deed which states that it was not intended to convey any dower right could only have had reference to dower right in the land conveyed, and that such a right could only exist by reason of the interest in said land which the grantor then recognized as being vested in the heirs at law of her husband, Samuel Weaver. On the other hand, the position of the appellees is that the granting clause of the deed indicates an intention to convey all of her interests because of the use of the term, "all of her undivided interests", and that the attempted description of these interests as her "one-half undivided interest", appearing in the same paragraph, must be disregarded, as must be the provision with respect to dower; and they contend that independently of any other clause

in the deed, the granting clause alone must be construed as vesting in Eliza Tyler all of the grantor's estate. But their particular reliance is upon the provision in the deed, following the habendum clause, which is: "And the said party of the first part hereby conveys all the rights, title and interest that is vested in her and warrants generally the title to the said property hereby conveyed."

The rule governing the construction of deeds is well stated in 16 Am. Juris. 534:

> "It is a well-settled rule of construction that inasmuch as the parties must have intended all the provisions and terms of a deed to have some meaning and be given some import, from the fact that the terms and provisions were actually inserted in the deed, a deed will be so interpreted as to make it operative and effective in all its provisions, if its terms are susceptible of such interpretation."

This is not a new doctrine. One of the canons of construction stated in Blackstone, Book II, Chap. 23, p. 379, is "That the construction be made upon the entire deed, and not merely upon disjointed parts of it. And therefore that every part of it be (if possible) made to take effect: and no word but what may operate in some shape or other." The numerous cases decided by this court sustaining this proposition are cited in 3 Michie's Digest Virginia and West Virginia Reports, p. 552. Another rule of construction is that "If, in a deed, there be two clauses so totally repugnant to each other that they cannot stand together, effect will be given to the first, and the latter rejected." *Paxton* v. *Benedum-Trees Oil Co.,* 80 W. Va. 187, 94 S. E. 472. Still another rule, equally well established, is that "Where there is ambiguity in a deed, or where it admits of two constructions, that one will be adopted which is most favorable to the grantee." *Paxton* v. *Benedum-Trees Oil Co., supra; Carrington* v. *Goddin,* 54 Va. 587, 13 Gratt. (Va.) 587; *Wilson* v. *Langhorne,* 102 Va. 631, 47 S. E. 871; *City of Alton* v. *Transportation Co.,* 12 Ill. 38,

52 Am. Dec. 479; *Deer Creek Lumber Co.* v. *Sheets,* 75 W. Va. 21, 83 S. E. 81; 16 Am. Juris. 530; 2 Kent's Commentaries 557; 18 Corpus Juris 263. Of course, all of these rules of construction give way to the actual intent of the parties, if that can be ascertained; but in the absence of explaining testimony or circumstances, the deed itself and the language employed must be alone resorted to, in which event the somewhat arbitrary rules of construction must be followed. We think the deed under consideration, by reason of its inconsistent provisions, must be interpreted by established rules of construction, because there is nothing therein which throws any light on the actual intent of the parties.

On this basis of construction, what was the effect of the deed under consideration? We have held that at the date thereof the grantor had an estate in fee simple. In the granting clause she conveys her "undivided interests", indicating that she believed she had different types or classes of interest in the land, possibly one interest which she obtained under the conveyance to herself and husband, and another derived through the operation of the deed upon the death of her husband. If the deed be given this construction, then the granting clause is sufficiently broad to cover the entire estate. However, she attempts to define what she conveyed as "one-half undivided interest". If this definition be in conflict with the earlier parts of the granting clause, it must, under the authorities cited above, yield to the language first used. If, however, there remains doubt as to the legal effect of the granting clause, that doubt may be resolved by resorting to the provisions which follow the habendum clause, by which the party of the first part conveys "all the rights, title and interest" then vested in her. It is obvious that the language employed in this clause is sufficiently broad to include complete title, provided such complete title was then vested in the grantor. We cannot escape the force of this language. It is plain, comprehensive and unambiguous, and the provisions which follow, with respect to dower

not being intended to be conveyed, cannot be permitted to overshadow the language used in the grant of all rights, title and interest. If we admit that doubt exists as to this construction of the deed, we are met by the rule which requires us to resolve that doubt in favor of the grantee. This appears to be the ground upon which the circuit court sustained the demurrer, and we see no occasion to disturb his finding.

It may be that Violetia Weaver, at the date of her conveyance to Eliza Tyler, did not know the full extent of her interest in said land, or she may have had doubts with respect thereto. If she was doubtful of her interest, then the obscurity of the deed is, in a measure, explained, and she may have intended by the granting clause to convey without question what she thought was her undivided interest, and by the second granting clause to convey any other interest she might own. However this may be, many cases uphold the proposition that where a conveyance of all right, title and interest is made, effect will be given to this language as against other language in a deed which might limit the property conveyed to something less than the entire estate vested in the grantor. In *Sequatchie Land Co.* v. *Sewanee Coal, Coke & Land Co.*, 137 Tenn. 313, 193 S. W. 106, 107 the deed conveyed "all right, title, claim and interest being an undivided one-half interest * * * ." It was held that the grantor, being the owner of the fee, parted with her entire estate in the land. This general proposition is supported by *Murphy* v. *Murphy*, 132 N. C. 360, 43 S. E. 922; *Bourne* v. *Farrar*, 180 N. C. 135, 104 S. E. 170; *Moran* v. *Somes*, 154 Mass. 200, 28 N. E. 152; *McLennan* v. *McDonnell*, 78 Cal. 273, 20 Pac. 566; *Hoover* v. *Roberts*, 146 Kans. 785, 74 Pac. (2d) 152, and note, 115 A. L. R. 182. And then we have the statutory provision, Code, 36-1-11, that unless a contrary intention shall appear in a deed or a will, a conveyance or devise shall be construed to pass the entire estate vested in a testator or grantor, which is in line with the rule that a deed will be construed most favorably to the grantee. We are unable to find such con-

trary intention in the deed before us, and it can only be found by construing the same in favor of the grantor, and this we are not permitted to do.

The decree of the circuit court is affirmed.

*Affirmed.*