JAMES H. HALL

*v.*

HUNTER A. HARTLEY

(No. 12072)

Submitted April 18, 1961.     Decided May 16, 1961.

*John R. Haller,* for appellant. No appearance for appellee.

Berry, Judge:

This is a proceeding for a declaratory judgment under the provisions of the Uniform Declaratory Judgment Act, Chapter 55, Article 13, of the official Code of West Virginia, as amended, to construe a deed dated March 20, 1956, from John W. Dorsey, grantor, to James H. Hall, grantee, the petitioner herein, wherein the petitioner claims the entire estate owned by the grantor, J. W. Dorsey, at the time of the execution and delivery of said deed. A notice of the proceeding was served upon the defendant, Hunter A. Hartley, in person, in Greenville, Pennsylvania. The defendant, Hartley, is the residuary devisee under the last will and testament of John W. Dorsey, and by virtue thereof, claims any interest that may have been retained by the said J. W. Dorsey in the property conveyed by the said deed of March 20, 1956. There was no ap-

pearance in person or in behalf of the defendant in this proceeding.

The Circuit Court of Lewis County, in which this proceeding was instituted, overruled the petitioner's motion for a default judgment, and after hearing proof in support of the allegations in the petition, rendered its judgment on April 7, 1960, holding that the petitioner acquired only ⅛th of the oil and gas under the said three tracts of land by the deed in question dated March 20, 1956, contrary to the contention and prayer of the petitioner. Upon petition to this Court, an appeal and supersedeas was granted September 12, 1960.

The deed in question in the granting clause granted and conveyed with covenants of general warranty unto the petitioner, subject to the exceptions and reservations contained in the deed, three tracts or parcels of land in Freeman's Creek District in Lewis County, West Virginia. The first tract consisted of approximately 100 acres, the second tract approximately 53½ acres and the third tract about 51.42 acres. The conveyance was made subject to all exceptions, reservations, provisions and stipulations contained in the grantor's chain of title, and the last paragraph of said deed contained the following language: "And, in consideration of the premises, the party of the first part doth hereby assign and transfer unto the said party of the second part an undivided one-eighth (⅛th) interest in and to the oil and gas in, on and under the above mentioned and described three tracts or parcels of land, and doth further assign and transfer unto the party of the second part, and his assigns, all of his right, title and interest to the use of free gas for the dwelling house on the property herein conveyed."

The grantor, J. W. Dorsey, at the time of the execution of the deed in question, owned the first 100 acre tract in fee simple, except certain coal theretofore sold, and all oil and gas, subject to a lease executed in 1899 to the South Penn Oil Company, which is still effec-

tive. He owned the second 53½ acre tract in fee, except certain coal theretofore sold. He therefore owned all the oil and gas under said tract, and it was not subject to any lease. He owned ⅞ths of the 51.42 acre tract in fee, except certain coal theretofore sold, and and therefore owned ⅞ths of all gas under said tract, which, also, was not subject to any lease.

Under the lease to the South Penn Oil Company in 1899, the grantor, Dorsey, was to receive as part of the consideration of said lease ⅛th of all the oil produced in the 100 acre tract. By an agreement with the Hope Natural Gas Company in 1934, on account of the lease to the South Penn Oil Company in 1899 covering the oil and gas in the 100 acre tract, he received the right to the free use of 200,000 cubic feet of gas each year for a dwelling house located on said 100 acre tract. However, this right was a personal one, and could be terminated with thirty days' notice given by the Gas Company.

The difficulty in this case arises out of the apparent conflict between the granting clause and the last paragraph of the deed.

It is not clear what the grantor intended to grant to the grantee in this deed, because the granting clause grants a fee simple subject to any exceptions or reservations in the deed, or in the grantor's chain of title, while the last paragraph, in consideration of the premises, attempts to "assign and transfer" an undivided ⅛th interest in the oil and gas in three tracts of land.

The errors relied on by the petitioner for reversal are: The trial court erred (1) in denying the petitioner's motion for default judgment based on his interpretation of the conveyance as set out in the petition for a declaratory judgment, and, (2) in refusing to enter judgment that the petitioner was the owner of the entire estate owned by J. W. Dorsey in the three tracts of land described in the deed of March 20, 1956.

In answering the first assignment of error, it might be well to point out that the very purpose of a proceeding under the Declaratory Judgment Act, such as is involved in the case at bar, is to have a court construe an instrument, such as the instrument involved in this case, and enter judgment upon the construction thereof, which is the law of the case. To hold otherwise would not permit any construction by the court of the instrument involved or indicated by the facts pleaded in the petition praying for a declaratory judgment. The default caused by defendant's failure to appear and answer in a declaratory judgment proceeding does not entitle plaintiff to a judgment based on the pleader's conclusions. 26 C.J.S., Declaratory Judgments, §158. See Anderson, Declaratory Judgments, §181, in which it is stated that a right to such judgment may depend upon proof adduced at the trial. Proof was taken in the instant case by the court below before it rendered judgment.

It is generally within the discretion of the court as to whether it will take jurisdiction to enter or decline to enter a declaratory judgment, and also the manner in which it is done, but such discretion cannot be abused. 26 C.J.S., Declaratory Judgments, § §11, 12; *Griscti v. Mortgage Commission,* 291 N.Y.S. 257, 249 App. Div.; Borchard, Declaratory Judgments, 2nd Ed., page 293 *et seq.*

The failure of the defendant to appear and answer in a declaratory judgment proceeding may constitute an admission on the part of the defendant of all material facts pleaded, but the court must, nevertheless, proceed to construe such facts or instruments set out therein and enter Judgment thereon, in order to comply with the meaning and purpose of the Act. It does not entitle the petitioner to a judgment based on his construction of the law applicable to such facts. 26 C.J.S., Declaratory Judgments, §158; 16 Am. Jur., Declaratory Judgments, §68; *Central Oregon Irr. Dist. v. Deschutes County et al.,* 168 Ore. 493, 124 P. 2d 518, *Hurley*

*v. Hurley,* 298 Ky. 178, 182 S.W. 2d 652; *Prudential Ins. Co. of America v. Rader,* 98 F. Supp. 44.

The second assignment of error is merely a request for this Court to reverse the judgment of the trial court, based on its construction of the meaning of the contents of the deed in question.

There is an uncertainty as to the meaning of just what was conveyed by the deed in question. If the granting clause conveys a fee simple, and it does under the laws of this state unless a contrary intention appears in the conveyance, Code, 36-1-11, and the last paragraph conveys only ⅛th of the oil and gas under the three tracts, the two clauses are repugnant and irreconcilable.

It is true that where there is an inconsistency in the granting and habendum clauses in a deed, they must be read together in connection with all other provisions in the deed, and harmonized, in order to ascertain the true intent of the grantor. *Maddy v. Maddy,* 87 W.Va. 581, 105 S. E. 803. Certainly the parties intended that more than ⅛th of the oil and gas in the three tracts of land be conveyed by the deed in question, because the consideration paid by the grantee, Hall, was $8000.00, as indicated by the documentary stamps contained on the deed. Then, too, if the granting clause in a deed does not indicate the estate to be conveyed, it can be ascertained from the habendum clause, if clearly defined therein. *Lott v. Braham,* 92 W.Va. 317, 116 S. E. 513. However, in this case, we have no habendum clause. The two clauses in question are both conveying or granting clauses. One appears in the first part of the deed and the other in the last part. Then, too, the first granting clause indicates the estate granted as being a fee simple, subject to certain exceptions and reservations, while the last paragraph of the deed, while it uses the words "assign and transfer", is purely a conveying or granting clause, because no particular words are necessary in order to create a conveyance if the langauage indi-

cates that that is the intention. *Napier v. Northland Coal Co.,* 97 W.Va. 247, 124 S.E. 915; *Trager v. Chapman,* 100 W.Va. 413, 130 S.E. 660; *Laing v. McClung,* 103 W.Va. 341, 137 S.E. 744; *Meadow River Lumber Co. v. Smith,* 121 W.Va. 14, 1 S.E. 2d 169.

There are certainly no words in the last clause which would indicate that there was any intention to make any exceptions or reservations as a result therof. In order to create an exception or reservation in a deed which would reduce a grant in a conveyance clause which is clear, correct and conventional, such reservation must be expressed in certain and definite language. *Paxton v. Benedum-Trees Oil Co.,* 80 W.Va. 187, 94 S.E. 472; *Realty Securities & Discount Company v. National Rubber and Leather Co.* et al., 122 W.Va. 21, 7 S.E. 2d 49; *Collins v. Stalnaker,* 131 W.Va. 543, 48 S.E. 2d 430; *Bennett v. Smith,* 136 W. Va. 903, 69 S. E. 2d 42.

There is no question but that there is an ambiguity in the deed involved in this case. It was held in point 6 of the syllabus of *Paxton v. Benedum-Trees Oil Co., supra,* that "Where there is ambiguity in a deed, or where it admits of two constructions, that one will be adopted which is most favorable to the grantee." This rule of construction has an historic origin and has been followed throughout the years. See *Realty Securities & Discount Company v. National Rubber and Leather Co., et al., supra.*

Another rule of construction called the "Technical Rule", which has been adhered to in construing deeds where two provisions are irreconcilable, is that the last provision is subservient to the first and the first provision is given full effect. 5 M.J., Deeds, §90; 16 Am. Jur., Deeds, §232; *Realty Securities & Discount Company v. National Rubber and Leather Co. et al., supra.* This rule is clearly set out in point 7 of the syllabus of *Paxton v. Benedum-Trees Oil Co., supra,* wherein it is stated: "If, in a deed, there be two clauses so totally repugnant to each other, that they cannot stand to-

gether, effect will be given to the first, and the latter rejected."

The rules to which we have referred hereinabove are known as common-law rules of construction and are resorted to where there is an ambiguity in the various clauses in a deed. However, there is a more modern "Liberal Rule" that overrides the common-law rules of construction, and that is, to consider the instrument as a whole and to endeavor to ascertain the actual intent of the parties. Code, 36-1-11; *Bartlett v. Petty*, 93 W.Va. 608, 117 S.E. 551; *Realty Securities & Discount Company v. National Rubber and Leather Co. et al., supra; Kirk v. Insurance Co.*, 126 W.Va. 213, 27 S.E. 2d 596; 16 Am. Jur., Deeds, §237.

In *Maddy v. Maddy, supra,* the first point of the syllabus contains this language: "In construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith."

Although the rule that the entire instrument in a deed must be construed in order to ascertain the intention of the parties takes preference over other rules of construction, it applies only if the intent can be ascertained from the instrument as a whole and the clauses can be reconciled. If they cannot, then the second, or later clause, is disregarded. 16 Am. Jur., Deeds, §231, *et seq.;* 5 M.J., Deeds, §90.

It is impossible to ascertain the intent of the parties when reading the deed as a whole in the instant case, because the first granting clause grants to the petitioner all of the grantor's interest in the three tracts of land, but the last clause grants only 1/8th interest in the oil and gas in the three tracts and all his right, title and interest for the use of free gas for the dwelling house located on the property conveyed. The grantor owned all the surface and oil and gas, subject to a

lease to the South Penn Oil Company in the 100 acre tract. The lease to the South Penn Oil Company provided for ⅛th of the oil produced by them to be vested in the grantor. The dwelling house in question was located on the 100 acre tract and the free use of gas referred to herein as referred to in the last paragraph of the deed was obtained by the grantor in 1934 from the Hope Natural Gas Company on account of the oil and gas lease from the South Penn Oil Company in 1899. It merely gave to the grantor the free use of 200,-000 cubic feet of gas each year, and was a personal right which could be terminated any time upon thirty days' notice. Therefore, the mention of the conveyance of the grantor's right, title and interest with regard to the free use of gas to the petitioner would have no meaning.

It may be that the reference to ⅛th of the gas and oil being conveyed to the petitioner referred to the ⅛th interest in the oil retained by the grantor, Dorsey, in the original lease to the South Penn Oil Company. However, this referred only to ⅛th of the oil on the 100 acre tract and the last paragraph grants ⅛th of the oil and gas, not only in the 100 acre tract, but in all three tracts.

Where a situation exists such as we have in this case, it would be well to quote from an applicable portion of the opinion in the case of *Realty Securities & Discount Company v. National Rubber and Leather Co. et al., supra,* at page 27: "Of course, all of these rules of construction give way to the actual intent of the parties, if that can be ascertained; but in the absence of explaining testimony or circumstances, the deed itself and the language employed must be alone resorted to, in which event the somewhat arbitrary rules of construction must be followed. We think the deed under consideration, by reason of its inconsistent provisions, must be interpreted by established rules of construction, because there is nothing therein which throws any light on the actual intent of the parties."

It may be said that the last clause is merely an additional granting clause for oil and gas which has already been granted in the first, or granting, clause, wherein all the oil and gas owned by the grantor was conveyed to the petitioner. In any event, the arbitrary rules of construction which have come down to us throughout the years must, by necessity, be applied in this case. When we apply these rules, that is, to construe the deed most favorably to the grantee, and giving full effect to the first granting clause, we find such construction clearly gives to the petitioner all rights, title and interest in and to the oil and gas in all three tracts of land owned by the grantor, Dorsey, at the time of the execution of the deed in question to the petitioner.

For the reasons stated herein, the judgment of the Circuit Court of Lewis County is reversed, and the case is remanded for further proceeding in accordance with the principles enunicated in this opinion.

*Judgment reversed;*
*case remanded.*