423 S.E.2d 893

**Elva Kathleen GRILL, Charles G. Engelhart, and Virginia Holt Engelhart, Plaintiffs Below, Appellees,**

v.

**WEST VIRGINIA RAILROAD MAINTENANCE AUTHORITY, a Public Corporation; and Robert Trocin, as Commissioner of the West Virginia Department of Commerce, Defendants Below, Appellants.**

No. 20480.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1992.

Decided Nov. 13, 1992.

Charles E. Barnett, Kay, Casto, Chaney, Love & Wise, Charleston, for appellees.

Jan L. Fox, Deputy Atty. Gen., Charleston, for appellants.

John M. Hedges, Charleston, for amici curiae Elk River Rails–To–Trails Foundation, Inc., Mountain State Wheelers Bicycle Club, Inc., North Bend Rails–To–Trails Foundation, Inc., West Virginia Rails–To–Trails Council, Greenbrier River Ass'n, Inc., Greenbrier River Watershed Ass'n, Inc., Monongahela River Trails Conservancy, Ltd., and West Virginia Scenic Trails Ass'n, Inc.

PER CURIAM:

The defendants, the West Virginia Railroad Maintenance Authority, a public corporation, and Robert Trocin, Commissioner of the Department of Commerce, appeal an order of the Circuit Court of Kanawha County which granted the plaintiffs' motion for summary judgment. The case involves a civil action instituted to determine the ownership of a 100–foot wide strip of land which is part of what is commonly known as the Greenbrier River Trail. The defendants contend that the contested strip of land was conveyed by a general warranty deed to the Greenbrier Railway Company in 1899. The plaintiffs contend that the 1899 deed conveyed only an easement for a right-of-way across property which they now own.

## I.

The civil action arising out of this dispute was filed by Elva Kathleen Grill and Charles G. Engelhart and Virginia Holt Engelhart, his wife, to determine the legal status of the strip of land. At the time the action was filed, Ms. Grill and Mr. and Mrs. Engelhart each owned a one-half undivided interest in and to a 100–acre tract of land, of which the contested strip of land is a part.[1]

The property in question was conveyed to the Greenbrier Railway Company, a corporation, by deed dated July 8, 1899, from William L. McNeel and Mary L. McNeel, his wife. That deed is recorded in the Office of the Clerk of the County Commission of Greenbrier County in Deed Book No. 53, at page 522. The granting clause of the deed states that the McNeels "do hereby sell and grant unto the said Railway a strip of land for a right-of-way one hundred (100) feet wide through the lands of the parties of the first part, situate in the District of Falling Springs, in Greenbrier County, State of West Virginia[.]" The habendum clause of the deed states: "To have and to hold said strip of land unto

---

1. In the time since suit was filed, Ms. Grill and Mrs. Engelhart have died. Upon Ms. Grill's death, her interest in the property passed to her three children, namely, Betty Barnett Woomer, Charles E. Barnett, and Harold G. Barnett. Upon the death of Mrs. Engelhart, her interest passed to her husband Charles G. Engelhart.

said Railway for a right of way, its successors and assigns forever." The deed does not contain any reverter clause, nor does it contain any clause which expressly or impliedly forfeits the land upon the discontinuance of its use by the Greenbrier Railway Company or its successors in interest. Moreover, the deed contains a covenant of general warranty.[2]

The contested strip of land is one of several strips acquired for the construction of a railroad, which became known as the "Greenbrier Line," running along the Greenbrier River from Caldwell in Greenbrier County to a place at or near Durbin in Pocahontas County. The railroad was constructed and was operated for many years either by the Greenbrier Railway Company or its immediate successor in title, the Chesapeake and Ohio Railway Company (C & O Railway), a Virginia corporation.

In March 1975, C & O Railway applied to the Interstate Commerce Commission (ICC) for permission to abandon a portion of the Greenbrier Line. The contested strip of land was a part of the railroad line upon which service was to be discontinued. The ICC granted its permission, and service was discontinued. However, C & O continued to hold the title to the property until it was conveyed to the West Virginia Railroad Maintenance Authority by deed dated June 20, 1980.[3]

## II.

Following discovery in this matter, the plaintiffs filed a motion for summary judgment. After considering the various pleadings filed by the parties and oral arguments thereon, the circuit court ruled in favor of the plaintiffs. In its order dated March 21, 1991, the circuit court ruled that the McNeel deed was a conveyance of an easement for a right-of-way only and that the plaintiffs are the owners of the 100–acre tract, which includes the contested strip of land.

The circuit court apparently based its ruling on the fact that, at the time the McNeel deed was made, the Greenbrier Railway Company obtained 48 similar deeds, 39 of which contained clauses identical to the granting and habendum clauses in the McNeel deed. The circuit court stat-

---

**2.** The text of the 1899 deed is as follows:

"This deed made this 8th day of July 1899 between Wm. L. McNeel and Mary L. McNeel, his wife, parties of the first part, and the Greenbrier Railway Company, a corporation, party of the second part. Witnesseth, that for and in consideration of one (1) dollar in hand paid, the receipt whereof is hereby acknowledged, the said parties of the first part do hereby sell and grant unto the said Railway a strip of land for a right-of-way one hundred (100) feet wide through the lands of the parties of the first part, situate in the District of Falling Springs in Greenbrier County, State of West Virginia, and lying on the right or west bank of the Greenbrier river and between the lands of George Brant on the north and the south, and more particularly described as follows: Beginning at the point where the south line of said McNeel land running from said river crosses the center line of said Railway as now located, then northerly with the center line of said Railway as now surveyed and located which is shown on a map made by Wm. A. Hawkins, Civil Engineer, and filed in the Clerk's office of the County Court of said Greenbrier County, to the north line of the said McNeel land, and the said strip is 50 feet on the east side of said center line and 50 feet on the west side thereof, and contains about [ ] acres.

"To have and to hold said strip of land unto said Railway for a right of way, its successors and assigns forever.

"The parties of the first part warrant generally the property hereby conveyed, that they have a right to convey and that it is free from all incumbrances whatsoever.

"Witness the following signatures and seals on the day and date written above.
/s/ W.L. McNeel (Seal)
/s/ M.L. McNeel (Seal)
State of West Virginia, Pocahontas County, to-wit: I, B.M. Yeager, a Notary Public in and for the County and State aforesaid, do certify that Wm. L. McNeel and M.L. McNeel, his wife, whose names are signed to the writing above bearing date on the 8th day of July 1899, have this day acknowledged the same before me in my said County. Given under my hand this 11th day of July, 1899.
/s/ B.M. Yeager, N.P."

**3.** The Railroad Maintenance Authority was created by the legislature in 1975. See W.Va.Code, 29–18–4. Two of the functions of the Maintenance Authority are to acquire rail properties, see W.Va.Code, 29–18–6 (1991), and to lease such properties for the development of rail projects or other public purposes. See W.Va.Code, 29–18–7 (1975). The Greenbrier River Trail is under the control of the division of tourism and parks. W.Va.Code, 5B–1–16 (1985).

ed that 30 of these deeds were made on preprinted forms, and, while the McNeel deed is handwritten, it contains verbatim the same language as the preprinted forms. Based on this reasoning, the circuit court concluded that the McNeel deed was prepared by the Greenbrier Railway Company and that any ambiguity must, therefore, be resolved in favor of the plaintiffs.

The circuit court then found that the use of the contested strip of land for recreational purposes was not a part of the purpose for which the easement was created. The defendants appeal from the findings of the circuit court and seek a declaration that they are the owners of the contested strip of land in fee simple.

On appeal, we granted several organizations the right to file an *amicus curiae* brief. A brief was filed on behalf of Elk River Rails–To–Trails Foundation, Inc.; Mountain State Wheelers Bicycle Club, Inc.; North Bend Rails–To–Trails Foundation, Inc.; West Virginia Rails–To–Trails Council; Greenbrier River Association, Inc.; Greenbrier River Watershed Association, Inc.; Monongahela River Trails Conservancy, Ltd.; and West Virginia Scenic Trails Association, Inc.

## III.

■ There is little question that the deed does create an ambiguity with regard to whether the estate conveyed was a fee simple or a right-of-way. Our general rule for construing a deed is given in Syllabus Point 5 of *Hall v. Hartley*, 146 W.Va. 328, 119 S.E.2d 759 (1961):

" 'In construing a deed, will or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith.' Pt. 1, syllabus, *Maddy v. Maddy*, 87 W.Va. 581 [105 S.E. 803 (1921)]."

*See generally* 23 Am.Jur.2d *Deeds* § 265 (1983).

In *Killgore v. Cabell County Court*, 80 W.Va. 283, 92 S.E. 562 (1917), this Court considered a grant of land to a railroad. The deed stated that the land was granted "for the construction of a double track of railway." 80 W.Va. at 284, 92 S.E. at 562. The plaintiffs claimed that the deed therefore granted only an easement. The Court, however, noted that "[i]t has been held in many cases that words used in a deed declaratory of the purpose for which the land is granted do not have the effect of limiting the estate granted by the deed. [Citations omitted.]" 80 W.Va. at 286, 92 S.E. at 563. The Court held that the deed conveyed a fee simple absolute estate.

Other jurisdictions have also found creation of a fee simple estate, despite reference in a deed to the purpose of the conveyance as a right-of-way. In *Maberry v. Gueths*, 238 Mont. 304, 777 P.2d 1285 (1989), the court examined a grant of land to a railroad and found creation of a fee simple, despite reference to the land as a right-of-way. The deed considered in that case contained language in the habendum clause similar to that before us now, namely "to have and to hold ... its successors and assigns forever." 238 Mont. at 308, 777 P.2d at 1288. The Court found that "[t]he language relating to use as a railroad right of way is merely descriptive as to use and not as a limitation on the grant." 238 Mont. at 308, 777 P.2d at 1288. *See also Machado v. Southern Pac. Transp. Co.*, 233 Cal.App.3d 347, 284 Cal. Rptr. 560 (1991); *Mississippi Cent. R. Co. v. Ratcliff*, 214 Miss. 674, 59 So.2d 311 (1952); *Arkansas Improvement Co. v. Kansas City S. Ry. Co.*, 189 La. 921, 181 So. 445 (1938); *Johnson v. Valdosta, M. & W.R. Co.*, 169 Ga. 559, 150 S.E. 845 (1929). *See generally* Annot., 6 A.L.R.3d 973 (1966).

■ In this case, as well, the words "for a right-of-way" in the deed are not limiting, but are merely descriptive. The deed clearly "grant[s] unto the said Railway a strip of *land*," and not simply a right to use the land. (Emphasis added). The granting clause states that the grantors "do hereby sell and grant unto the said Railway a strip

of land for a right-of-way." The habendum clause gives to the grantee the right "[t]o have and to hold said strip of land unto said Railway for a right of way, its successors and assigns forever." Examining the deed as a whole, as required by *Hall, supra*, we must conclude that the deed creates a fee simple, not merely an easement.

We, therefore, conclude that summary judgment was improperly granted. Accordingly, we reverse the decision of the circuit court and hold that the defendants own the land in fee simple.

Reversed.