# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Larry Henthorn,**
**Respondent Below, Petitioner**

**vs.) No. 17-0035** (Tyler County 15-P-14H)

**Deborah Ahlers, Lisa Bonney,**
**William Moore, Leslie Strauss,**
**and Pamela Whiting,**
**Petitioners Below, Respondents**

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Larry Henthorn, by counsel Gary L. Rymer, appeals the Circuit Court of Tyler County's December 12, 2016, order granting summary judgment in respondents' favor. Respondents Deborah Ahlers, Lisa Bonney, William Moore, Leslie Strauss, and Pamela Whiting, by counsel Adam E. Barney, filed a response. Petitioner argues that the circuit court erred in concluding that respondents possess a fee simple interest in certain oil and gas.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 16, 1950, Arch T. Lewis executed a deed conveying to his wife, Ann Lewis, a thirty-five-acre tract of land; his interest in the royalty oil and gas in and underlying his 208-acre farm, "for and during her natural lifetime[;]" and certain personal property. With respect to the oil and gas conveyance, the deed provided that

> [t]he said party of the first part doth grant, unto the said Ann Lewis, his wife, all his interest in the royalty oil and gas in and underlying his farm, situate in Lincoln District, Tyler County, West Virginia, containing about 208 acres of land, more or less, and that may be produced therefrom, for and during her natural lifetime.

On September 15, 1950, Mr. Lewis executed a deed of correction. The deed of correction stated that

> by deed dated July 16, 1950, the party of the first part intended and attempted to convey to the party of the second part in fee simple a certain tract of land

1

hereinafter described, and also his interest in the royalty in the oil and gas in and underlying his farm as described in the second description herein.

The first description described the thirty-five-acre tract and the personal property set forth in the first and third conveyances of the original deed. The second description in the deed of correction provided that

> [t]he said party of the first part doth grant, unto the said Ann Lewis, his wife, all of the rights, title and interest of the first party in royalties and oil and gas rights in and underlying his farm situated in Lincoln District, Tyler County, West Virginia, containing 208 acres of land, more or less, including all future royalties from such oil and gas rights to said farm, *for and during her natural life*.

(Emphasis added.) Next, the habendum clause stated, "TO HAVE AND TO HOLD the same, unto the party of the second part, her heirs and assigns forever[.]" Finally, the deed of correction concluded, "[a]nd the party of the first part hereby releases and relinquishes unto the party of the second part, all his right, title and interest in and to said property[.]"

Ms. Lewis died in 1961, bequeathing everything to her daughter, Lucille Clair. Ms. Clair died on February 14, 1983, devising her estate to her grandchildren, respondents in this matter.

By deeds dated December 17, 1990, petitioner purportedly purchased the subject oil and gas from Mr. Lewis's successors. Respondents, thereafter, initiated suit against him contending that they owned the subject oil and gas and seeking a declaration of the parties' rights. The circuit court entered a briefing schedule, and the parties submitted briefs in support of their respective positions. By order dated December 12, 2016, the circuit court concluded that Mr. Lewis intended to and did convey a fee simple interest to Ms. Lewis in the oil and gas underlying his farm, despite the "for and during her natural life" language contained within the deed of correction. Ms. Lewis thereafter devised her estate, including the fee simple interest in the oil and gas, to Ms. Clair. Ms. Clair subsequently devised her estate, including the fee simple interest in the oil and gas, to respondents, leaving respondents as owners of the fee simple interest in the subject oil and gas. It is from this order that petitioner appeals.

We apply a de novo standard of review to a circuit court's entry of summary judgment. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "[T]he interpretation of a deed, which is not dependent upon extrinsic evidence, is a question of law for a court and not a jury." *Faith United Methodist Church and Cemetery v. Morgan*, 231 W.Va. 423, 428, 745 S.E.2d 461, 466 (2013). Accordingly, such interpretations are similarly reviewed de novo. *Id.*

On appeal, petitioner argues that the circuit court erred in finding that Mr. Lewis conveyed to Ms. Lewis a fee simple interest in the subject oil and gas. Petitioner contends that Ms. Lewis was granted only a life estate in the oil and gas and urges this Court to apply the following rule of construction: "If, in a deed, there be two clauses so totally repugnant to each other, that they cannot stand together, effect will be given to the first, and the latter rejected." Syl. Pt. 4, *Hall v. Hartley*, 146 W.Va. 328, 119 S.E.2d 759 (1961) (internal quotations and citation omitted). Petitioner argues that employing this rule of construction gives precedence to

the "for and during her natural life" language limiting Ms. Lewis's interest in the oil and gas to a life estate over the next-appearing habendum clause.

In reviewing the subject deed and deed of correction, we are mindful that, first and foremost, "[t]he controlling factor in the interpretation of deeds, wills and contracts is the intention of the parties; and to arrive at that intention the whole instrument must be carefully scanned." *Morgan*, 231 W.Va. at 443, 745 S.E.2d at 481 (citation omitted). In construing a deed, "the function of a court is to ascertain the intent of the parties as expressed in the language used by them." *Id.* (citation omitted). But, "[w]here there is ambiguity in a deed, or where it admits of two constructions, that one will be adopted which is most favorable to the grantee." Syl., *Paxton v. Benedum-Trees Oil Co.*, 80 W.Va. 187, 94 S.E.472 (1917). Further, as recognized by petitioner, "[i]f, in a deed, there be two clauses so totally repugnant to each other that they cannot stand together, effect will be given to the first, and the latter rejected." *Id.*; *Hall*, 146 W.Va. at 328, 119 S.E.2d at 760, Syl. Pt. 4.

The deed of correction begins by expressing Mr. Lewis's intention to convey a fee simple interest: "by deed dated July 16, 1950, the party of the first part intended and attempted to convey to the party of the second part *in fee simple* a certain tract of land . . . *and also his interest in the royalty in the oil and gas* in and underlying his farm[.]" (Emphasis added.) This clear expression of intent is the controlling factor in interpreting the deed of correction; however, to the extent that the words "for and during her natural life" create ambiguity, we likewise conclude that Mr. Lewis conveyed a fee simple interest in the subject oil and gas as that is the construction most favorable to the grantee. Although petitioner argues that effect should be given to the limiting language "for and during her natural life" because it appears before the habendum clause, he ignores the fact that the first clause in the deed of correction sets forth Mr. Lewis's intention to convey a fee simple interest. Thus, employing the rule of construction urged by petitioner nonetheless requires rejection of the "for and during her natural life" language. Accordingly, we find that the deed of correction conveyed to Ms. Lewis a fee simple interest in the subject oil and gas and that respondents herein are currently vested with that interest.

For the foregoing reasons, we affirm the circuit court's December 12, 2016, order granting judgment in respondents' favor.

Affirmed.

**ISSUED**: February 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker