## Hurley v. Hurley.

September 26, 1944.

Francis M. Burke for appellant.

Appellee not represented by counsel.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Tim Hurley and Ruby Hurley were married in Ohio, in November, 1939. They made their home in Pike County. Shortly after the marriage, Zella Hurley filed an action in the Pike circuit court in which she alleged she and Tim were husband and wife, and wherein she sought a divorce. Tim defended on the ground he was not legally married to Zella. On the 28th day of November, 1940, the judge of the Pike circuit court held that Tim and Zella had been lawfully married, and he granted her a divorce. Tim and Ruby ceased to live together after that day. In this declaratory judgment proceeding Tim alleged by amended petition that an actual controversy existed between him and Ruby with respect to their marital status; that they were unable to agree as to whether they were legally married and had a right to live together as husband and wife; and that Ruby insisted they were legally married, while, because of threatened criminal prosecution, he insisted

they were not so married. Tim sought a determination of the marital status of the parties, as well as a specific ruling as to whether their marriage in Ohio, in 1939, was void. Ruby accepted the summons and entered her appearance to the action, though she filed no answer. When Tim's deposition was taken Ruby was present, though not represented by counsel. The record contains an unsworn statement made by Ruby wherein she said she wanted the court to determine whether her marriage to Tim was void. The trial judge dismissed the petition because he was of the opinion the record failed to show a good faith controversy between the parties, or any facts sufficient to authorize the relief sought by Tim. Tim insists on this appeal that he was entitled to a declaration of his rights. We believe his position to be sound.

The allegation that there existed an actual controversy between the parties was unchallenged. Though not represented by counsel, Ruby entered her appearance to the action. It is not necessary that an answer be filed in a declaratory judgment proceeding before an actual and good faith controversy may be said to exist. In the case of Ex Parte County Board of Education of Montgomery County, Ky., et al., 260 Ky. 246, 84 S.W. 2d 59, there was nothing before the court except a petition which set forth a controversy existed between the petitioners on certain questions. The lower court dismissed the petition for the reason no actual controversy existed. The judgment was reversed because this Court was of the opinion the petition was sufficient to authorize the court to take cognizance of the controversy and declare the rights of the parties. If an answer should be required in a declaratory judgment proceeding before a controversy could be deemed to exist, the defendant, by failing to file an answer, could defeat the rights of the plaintiff any time he so desired.

Reference to 16 Am. Jur., Declaratory Judgments, section 40, will show that the question under consideration is a proper subject for a declaratory judgment proceeding. Obviously, in view of KRS 402.020, the marriage between Tim and Ruby was void because of the judgment of the Pike circuit court holding that Tim was legally married to Zella and granting her a divorce, since that section provides a marriage is void where there is a husband or wife living from whom the per-

son marrying has not been divorced. Under the circumstances, the judge of the Pike circuit court should have so declared the rights of the parties.

Judgment reversed with directions to set it aside, and for the entry of a judgment in conformity with this opinion.