# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**HEIDI Y.,**
**Petitioner Below, Petitioner**

**vs.) No. 23-ICA-62**        (Fam. Ct. Putnam Cnty. No. FC-40-2021-D-106)

**JORDAN C.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Heidi Y.[1] appeals the Family Court of Putnam County's January 19, 2023, final order denying her motion for reconsideration regarding homeschooling the parties' minor children. Respondent Jordan C. filed a timely response.[2] Heidi Y. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Heidi Y. and Jordan C. are the parents of four minor children, namely, A.C. age thirteen, A.C., age eight, I.C., age seven, and A.C., age four. The parties' final divorce hearing was held on March 3, 2022,[3] and an agreed final order was entered on March 18, 2022, which contained the following provision in paragraph 8(f) regarding whether the parties' children would be homeschooled for the 2022-2023 school year:

> [T]he parties, and the [g]uardian agree that the children will be tested by the Putnam County Board of Education [hereinafter "PCBOE"] in the next two months. If they are performing sufficiently pursuant to the PCBOE then, they

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Heidi Y. is self-represented. Jordan C. is represented by Rosalee Juba-Plumley, Esq. The guardian ad litem is Brenden D. Long, Esq.

[3] Heidi Y. had legal representation for the divorce proceedings.

may remain home schooled unless their performance becomes substandard. They will be tested by the [PC]BOE or at the direction of the [PC]BOE (not the [m]other). Ms. Hensley will review the test scores from May and if there are deficiencies, she will make recommendations and decisions on if and when transition to public school is appropriate. The [g]uardian recommends that the children receive remedial tutoring by an education professional, before entry into a public school.[4]

On June 1, 2022, Jordan C. filed a contempt petition asking the family court to enforce the above requirements that the children be tested by the PCBOE. A hearing on Jordan C.'s motion was held on July 20, 2022, and continued to August 8, 2022, during which Jordan C. presented evidence that the children had been administered the "i-ready" test by the PCBOE. The results indicated that two of the children's test scores were substandard for their age. Heidi Y. testified that the children had been administered the Iowa Test by a third party, which indicated the children were performing sufficiently. The family court entered a temporary order on July 26, 2022, wherein it found that two of the children's scores were substandard and, as a result, ordered the children to be enrolled in public school beginning the 2022-2023 school year. Heidi Y. was not held in contempt, and Jordan C. was granted sole responsibility to schedule all future testing, tutoring, and vaccinations to prepare the children for public schooling.

On July 29, 2022, Heidi Y. filed objections to the July 26, 2022, temporary order. On August 10, 2022, the family court entered a final order on Jordan C.'s contempt petition, again holding that the children would be required to attend public school for the upcoming school year. Shortly thereafter, Heidi Y. filed a motion to reconsider to correct the parties' March 18, 2022, divorce order alleging that it contained "untrue and unclear" language as well as clerical errors and omitted language.

The court scheduled a final hearing on Heidi Y.'s motion to reconsider for September 21, 2022. Heidi Y. became ill during the September 21, 2022, hearing and it was rescheduled for January 4, 2023. Jordan C. filed a motion for emergency ex-parte relief on August 17, 2022, requesting immediate custody of the children in order to get them vaccinated for public school. The motion for emergency relief was granted and a hearing on the matter was scheduled for August 30, 2022. Heidi Y. filed an emergency motion for stay and injunctive relief on August 17, 2022, wherein she sought to delay the children being enrolled in public school and vaccinated until a hearing was held on her motion for reconsideration. Heidi Y.'s motion for emergency relief was denied. The court re-appointed guardian ad litem Brendan Long, Esq. and set a hearing on Heidi Y.'s motion for reconsideration for January 4, 2023.

---

[4] Ms. Hensley, based on the record, appears to be a PCBOE employee.

At the hearing on January 4, 2023, the GAL testified that two of the children were both performing well in public school, that one child would need continued assistance to get caught up, and that the children informed him that they like public school. The family court inquired of Heidi Y. whether the Iowa Test had been administered by the PCBOE as required by the March 18, 2022, order; she stated that it had not. The family court entered its final order on January 19, 2023, wherein it held that Heidi Y. failed to prove mistake, inadvertence, surprise, excusable neglect, unavoidable cause, or newly discovered evidence, which is required in order to justify relief from the operation of the order, pursuant to West Virginia Code § 51-2A-10(a) (2001). It is from the January 19, 2023, order that Heidi Y. now appeals.

For these matters, we use the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Heidi Y. raises multiple, and duplicative assignments of error, which can be distilled into one. We, therefore, address the main ground, combining those that are duplicative. Heidi Y. asserts that the March 18, 2022, divorce order did not accurately reflect the parties' agreement and that the family court abused its discretion by not reviewing the hearing recording before ruling on her motion for reconsideration. She further asserts that because the family court failed to review the recording ahead of time, it was unable to make proper rulings or correct clerical errors and omissions within the final order, which led to an erroneous denial of her motion for reconsideration. We disagree.

The language contained in paragraph 8(f) of the March 18, 2022, agreed divorce order clearly states that, "the children will be tested by the Putnam County Board of Education . . . or at the discretion of the [PC]BOE (not the [m]other)." Heidi Y. had legal representation during the divorce proceedings and did not file objections to the March 18, 2022, order under Rule 22(b) of the Rules of Practice and Procedure for Family Court. Heidi Y. then chose to have the children tested by a third party with no involvement by the PCBOE.

A motion for reconsideration is simply not an opportunity to re-argue facts upon which a court has already ruled, particularly when both parties have legal counsel, submitted an agreed order, and failed to file objections under Rule 22(b), as is the case

3

here. Therefore, the family court did not abuse its discretion when it ruled that Heidi Y. failed to provide evidence which warranted relief from the final order. *See generally Legg v. Felinton*, 219 W. Va. 478, 637 S.E.2d 576 (2006) (holding that if a court's written order conflicts with an oral statement from the bench, the written order controls); *see also Harvey v. Harvey*, 171 W. Va. 237, 241 298 S.E.2d 467, 471 (1982) (stating that a court of record speaks only through its records or orders).

Accordingly, we affirm the family court's January 19, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4