# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JUSTIN R.,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-67**      (Fam. Ct. Kanawha Cnty. No. 18-D-1000)

**MORGAN F.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Justin R.[1] appeals the Family Court of Kanawha County's January 26, 2023, order which found that his income was $80,000 per year, deviated from the child support formula, and held that Justin R. must pay eight months of Respondent Morgan F.'s attorney's fees.[2] Morgan F. filed a response. Justin R. did not file a reply. Guardian ad litem, Charles M. Love, IV, Esq. filed a summary response.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Justin R. and Morgan F. were never married but share one child, K.R., age nine. A custody allocation order was entered on November 15, 2018, wherein the family court incorporated the parties' agreement to share decision-making with a week-on/week-off schedule.

On March 1, 2021, Morgan F. filed a petition for modification of the parenting plan, alleging that Justin R. was not utilizing most of his parenting time and that Justin R.'s

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Justin R. is represented by Ronald N. Walters, Jr., Esq. Morgan F. is represented by Joshua D. Miller, Esq.

1

mother, Diane R., was providing most of the child's care during Justin R.'s parenting time. Further, the petition alleged that Diane R. refused to allow the child to call Morgan F., interrogated the child regularly, and espoused racial intolerance to the child. In her petition, Morgan F. requested sole decision-making and that Justin R.'s visitation be reduced to every Thursday evening and alternating weekends. Justin R. filed responsive pleadings on or about March 15, 2021. Included with Justin R.'s financial statement were his tax returns, which showed that he earned approximately $36,596 in 2019, and $53,814 in 2020.

On April 13, 2021, the family court entered an order appointing a guardian ad litem and scheduled a modification hearing for June 30, 2021. At that hearing, the GAL reported that the child expressed a desire to spend time with Justin R. Additionally, the GAL found that both parties were fit parents and recommended that the parties continue operating under a week-on/week-off parenting schedule.

The final order on Morgan F.'s petition for modification was entered on July 21, 2021. The family court found that Justin R. had acquiesced his parenting time to his mother, Diane R.; this included the child's medical appointments and educational needs. Further, the family court found that Justin R. refused to help pay for the child's extracurricular activities, despite having recently purchased a new, second automobile. As such, the family court found that a substantial change in circumstances had occurred and reduced Justin R.'s parenting time to one mid-week overnight and every other weekend. Due to Justin R.'s decreased parenting time, he was ordered to pay $533.43 per month in child support, using the basic shared child support formula.

On May 12, 2022, Morgan F. filed a combined petition for contempt and petition for modification. Her petitions alleged that Justin R. regularly missed parenting time for various reasons, which included getting a tattoo, getting his beard trimmed, and racing his vehicle. Morgan F. also alleged that Justin R. left the child with a friend of Diane R. during spring break week and failed to attend any of the child's medical appointments. Justin R. filed a response as well as tax returns showing that he earned $31,411 in 2021. A hearing was held on the combined petitions on August 22-23, 2022, during which Justin R. contended that he missed parenting time due to work and testing positive for COVID-19. The family court ordered Justin R. to produce his COVID-19 test results within five days, produce proof that he had to work during certain visits, provide records showing whether he attended the child's medical appointments, and show proof of when he got the tattoo. Out of all the documentation requested by the family court, Justin R. only provided one COVID-19 test result.

In September 2022, the family court entered orders holding Justin R. in contempt and further reducing his parenting time to one overnight per week on the condition that he was off work and able to utilize the parenting time. The family court also ordered that Diane R. was not permitted to be around the child during Justin R.'s visitation. Further,

Justin R. was ordered to pay all of Morgan F.'s attorney's fees as well as a $1,000 bond to ensure his compliance with the family court's order, and the GAL was reappointed.

A final modification hearing was held on December 7, 2022. At that hearing, the GAL reported that both parents were fit, no substantial change of circumstances had occurred, and recommended that the previous parenting plan (a mid-week overnight and every other weekend) should be restored. The GAL also expressed concerns that Morgan F. was speaking poorly to the child about Justin R.

The family court entered its final order on January 26, 2023, finding that Justin R. had missed thirteen out of thirty days of parenting time since the previous hearing and failed to attend any of the child's extracurricular activities. The family court further determined that due to Justin R.'s failure to exercise his parenting time, Morgan F. was forced to reduce her full-time work hours to part-time, which reduced her salary from $42,000 to $24,000. Additionally, Justin R. failed to ask for makeup time and declined Morgan F.'s offers of makeup time. The family court also found that, based upon Justin R.'s testimony, he made an income of $80,000 per year. This conclusion was based upon Justin R. listing $80,000 as his yearly income on a recent vehicle loan application.

The family court reasoned that, because Morgan F. suffered financial consequences due to Justin R. not exercising his parenting time, an upward deviation from the child support formula was appropriate. Thus, the family court ruled that Justin R.'s new child support obligation would be increased to $1,000 per month and that he would be required to pay 77% of any medical expenses for the child that were not covered by insurance. Although the GAL recommended that Justin R. still receive parenting time, the family court terminated all of Justin R.'s parenting time. It is from the January 26, 2023, order that Justin R. now appeals.

For these matters, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Justin R. raises three assignments of error, which we will address in turn. For his first assignment of error, Justin R. contends that the family court's finding that his income was $80,000 per year was clearly erroneous because his tax returns show that he

earned substantially less. We agree. Justin R. presented his tax returns and testified during the hearing that he earned significantly less than expected when he listed $80,000 as his income on the loan application. Therefore, we remand this matter to the family court with instructions to receive evidence regarding the parties' income. Upon receipt of accurate income documentation, the family court shall then determine whether deviation from the child support formula is warranted and enter a new, appropriate child support order.[3]

For his second assignment of error, Justin R. contends that the family court abused its discretion by failing to state the reason for the deviation on the record. We disagree. The family court stated on page seven of the final order, "This Court finds as the evidence is clear and not contradicted that a deviation from the child support formula is warranted as [Justin R.] makes $80,000 per year which is more than he previously indicated his income was . . . ." *See Harvey v. Harvey*, 171 W. Va. 237, 241, 298 S.E.2d 467, 471 (1982) (citation omitted) (stating that a court of record speaks only through its records or orders). Here, although we disagree with the family court's decision to deviate upward without first receiving accurate evidence of Justin R.'s income, the family court did not abuse its discretion regarding this assignment of error, as the family court clearly stated its reasoning in the final order. We disagree with this assignment of error subject to our ruling that the family court shall receive and reconsider evidence concerning both parties' income and then determine whether deviation from the child support formula is warranted.

For his third assignment of error, Justin R. contends that the family court erred by ordering Justin R. to pay eight months of Morgan F.'s attorney's fees. We agree. The final order cites *Grose v. Grose*, 222 W. Va. 722, 671 S.E.2d 727 (2008) (per curiam), and states, "[a]n award of attorney's fees rests initially within the sound discretion of the family court and should not be disturbed on appeal absent abuse of discretion." However, *Grose* goes on to say, "the family … [court] should consider a wide array of factors including the party's ability to pay his or her own fee [. . .] [and] the parties' respective financial conditions." *Id*. at 724, 671 S.E.2d at 729, syl. pt. 4. Here, the family court failed to receive accurate evidence regarding Justin R.'s income. Therefore, the decision to award attorney's fees based on inaccurate information was an abuse of discretion. Accordingly, we remand this issue to the family court for proper analysis of the parties' finances in accordance with *Grose*.

In addition to Justin R.'s assignments of error, we would be remiss if we failed to address the family court's order directing Justin R. to pay a $1,000 cash bond. *See Jackson E. v. Olga E.*, No. 22-ICA-283, 2023 WL 3172033, at *3 (W. Va. Ct. App. May 1, 2023)

---

[3] While the family court's negative reaction to the apparent income misrepresentation made by Justin R. during the purchase of a new vehicle is understood, and arguably may reasonably be considered by the family court in evaluating Justin R.'s credibility, it cannot be reasonably relied upon as an accurate reflection of his income.

(memorandum decision) (holding that the family court does not have authority to direct a monetary sanction in the form of a cash bond stemming from a custody matter). We are aware that the family court issued its ruling on this matter prior to the issuance of *Jackson E. v. Olga E.* However, "[t]he 'plain error' doctrine grants appellate courts, in the interest of justice, the authority to notice error to which no objection has been made." *State v. Miller*, 194 W. Va. 3, 18, 459 S.E.2d 114, 129 (1995). In order to satisfy the "plain error" doctrine, the appellate court must find: "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id*. at 7, 459 S.E.2d at 118, Syl. Pt. 7, in part. We find that this case meets these elements. Therefore, to the extent that the cash bond is still being held, the family court is directed to release the money to Justin R. immediately.

Accordingly, we reverse the family court's January 26, 2023, order and remand the matter to the family court for further proceedings consistent with this decision. The Clerk of this Court is hereby directed to issue the mandate contemporaneously herewith.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen